May it please the Court, Your Honors, my name is Charlie Nave. I'm here to represent the appellants Rainbow Direct Marketing and American Charities for Reasonable Fundraising Regulations. I'd like to reserve three minutes of my time for rebuttal, and I'm here to argue two points. First of all, this case is not moot. And second of all, the appellants have come here to ask this Court for a ruling as to what the law is, what is the standard for jurisdiction, regulatory jurisdiction, here in the Tenth Circuit. It has been our contention all along that the standard should be a minimum contacts analysis between Rainbow Direct and Utah to be followed up by an inquiry into whether it offends traditional notions of fair play and substantial justice, so that if Rainbow Direct were hailed into a court, it would have a reasonable expectation that it would have been hailed into a court in Utah. All this time, both before and after the statute was amended, it has been Utah's position that the central or at least permissible analysis was the contact between some third party and Utah, and that third party was Rainbow Direct's client, Swish. So moving on to mootness, in the old law, before it was amended, it was a simple bright line two-step process. We think it was unconstitutional, but it was at least easily understandable. If the charity client had countersigned a contact with the PFC, and if that charity client had then also registered with Utah, Utah was going to enforce a registration requirement on Rainbow Direct. They were going to require Rainbow Direct to register, simply because that third party, Swish, had taken those actions on its own. Of course, the dispute was, were those actions on their own enough for Utah to constitutionally require Rainbow Direct to register? Of course, it's been our contention that it was not. Well, would Rainbow Direct have known that Swish had taken that action? Not necessarily. Which action? They would know about the contract, for sure. Well, and wouldn't they know, or does the record, I mean, let's not be hypothetical. In this case, did the record reflect that they knew that Swish had been active in Utah, or was planning to be? I guess, probably, in this case, Swish wasn't. Correct. No, Your Honor, they would not have known whether or not Swish was active in Utah, at least in terms of the mail. If Swish had gone out and opened an office in Utah, for some reason, they wouldn't know that, either. But, in the regular course of its duties, Rainbow Direct, as you know from the paperwork files in the case, has no idea what addresses are on this national mailing list. They don't look for that. They look for behavior, and instead, they target certain behavior. Similarity in list appeal, and also most recent gift. But no, Your Honor, Rainbow Direct would have been entirely unaware of whether or not Swish had mail going into Utah, as would, indeed, Swish have been, because it's not a relevant consideration for them, either. In the new statute, the new statute, the state still had this prong of, you know, the state looking to see if Swish had signed a contract with Rainbow Direct. Are you talking about Section 2? What part of this new statute are you talking about? It requires them to either, if you're a fundraising consultant, you can't maintain a place of business in the state, or employ an individual located in the state, or provide any service to or for a charitable organization over which the state has general jurisdiction. My understanding is everybody agrees it's moot as far as Section 1, because your client doesn't maintain a place of business in the state, nobody suggests they do, or employ anybody located in the state. Now, what I think your argument now is, it's not moot because Swish, who they do work for, the state has general jurisdiction over Swish. I don't see anything in the record that would establish general jurisdiction over Swish, which is a Delaware corporate company headquartered in New York. General jurisdiction means a lot more than, you know, you basically have to have a presence in the state. Yes, ma'am. It's kind of their home state. I don't get that. Herein lies the problem. So, the last gate that Utah has to go through to determine whether or not they can enforce a registration requirement on Rainbow Direct is whether or not Swish is under the general jurisdiction of Utah. Right. And of course... And they're saying they're not. They're agreeing that they're not, so they wouldn't be able to. What makes it moot? But it's up to them to find out, or it's up to them to create this contact with Utah to create this general jurisdiction, and so Utah is premising their jurisdiction of Rainbow Direct on Swish's actions. And think of the... No, I'm misunderstanding. Well, for example, if, say, Swish goes forward with its plan to raise money, and it sees in the statute that it has to register with Utah because mail is coming into Utah, and that's an exercise of Utah's regulatory jurisdiction. And Utah's making the distinction between general jurisdiction. But Swish reads Utah's brief, and Utah's brief says, we don't have general jurisdiction over Swish, and Swish says to itself, well, if they don't have general jurisdiction over me, they can't enforce the registration requirement on me, so I'm not going to register. They refuse to register. They can't be hailed into court to have the registration requirement enforced upon them. They choose not to register. They go forward with their plan. Somehow, mail from Swish appears in Utah, gets to the Attorney General. The Attorney General calls Swish and says, why didn't you register? Your mail's here. You're subject to our regulatory jurisdiction. Swish says, you can't force me. You claim that you don't have general jurisdiction over me. You can't bring me into court. And all of a sudden, Utah changes its mind and says, you know what? Maybe we do have general jurisdiction over you. So therein lies the rub, does it not? Because it seems to me that your answer to Judge Moritz is conflating the merits with mootness. So let me start with this question. Does Rainbow Direct under the current statute have an obligation to register or get a permit in Utah? Under the current statute as amended, Your Honor, I think that is hopelessly unclear. The only thing that we have to go with is Utah's representation that Swish is not under their general jurisdiction. Right. And so the State Attorney General, Utah, concedes that your client doesn't need a permit or to register. And I didn't see anything in your reply brief to suggest otherwise. What you're arguing to Judge Moritz and what you argued in your reply brief, I think, is the new statute is constitutionally infirmed. And that might be true. Who knows? But we can't really address that unless we have jurisdiction. And I don't know how your client even has constitutional standing if it has no obligation to register or get a permit in Utah under the current statute. Well, Your Honor, Utah has a pattern and practice of changing its mind and enforcing statutes in a rather aggressive and assertive manner, contrary to the plain language of the statute. You will notice that we pointed out, for example... Okay. Before you get to Utah may change its mind, if Utah doesn't change its mind, do you agree that the case is moot? No, sir. Why would it not be moot under the current statute if the State Attorney General for a register in Utah, and you haven't argued otherwise in your reply brief? Because the... Well, Your Honor, I think it's because Utah's representations that SWISH is not under the general jurisdiction of Utah are not to be taken seriously. Did you argue in your reply brief that SWISH is subject to general jurisdiction in Utah? I argued, if I recall correctly, we argued that the general jurisdiction standard as promulgated by Utah is so vague and incomprehensible as to give anyone a firm guidance as to whether or not this registration requirement applies to Rainbow Direct or not. I thought you argued just five minutes ago that at least the statute was clear. It was before the amendment. After the amendment, it's much less clear, because it relies on general jurisdiction, which Utah does not define, but... Going off what Judge Brackerey said, it seems to me there's two mootness problems here. One, have you ever amended the complaint to assert unconstitutionality under the new statute? We have not amended the complaint since the appeal was filed, certainly. So that there is no claim in any pleading that the new statute is unconstitutional, and we deal with the new statute, and we have case law that says that we're less inclined to think that we'll hear a moot case because it's capable of repetition if it's a change in statute. Second problem of mootness is you no longer represent, Rainbow Direct Marketing no longer represents SWISH. Isn't that correct? Didn't you withdraw that contract for that relationship? No, Your Honor. They still have a... They still want to go forward with their contract. I thought that the record reflected that you no longer... that Rainbow Direct no longer represented SWISH in marketing advice. Their original contract has expired because they could not move forward. Their original contract has expired, and there's no new contract in the record. And you haven't alleged a new contract. So you not only don't represent a client that might want to do business in Utah, but you have never alleged that the current statute is unconstitutional. So why aren't there two mootness problems right off the bat? Well, I'd like to push back on the first mootness problem at the outset. I believe we did allege in our reply brief that the new statute is unconstitutional because it focuses on the third party's relationship to Utah to cure the jurisdictional problem for Rainbow. I'm not talking about a reply brief. I'm talking about the pleadings, the operative complaint, and the answer, and the counterclaims, and the legal documents. The complaint does not allege that the new statute is unconstitutional at all. Well, Your Honor, the complaint was filed ten years ago. Precisely. Precisely. So maybe the solution is to file a new complaint, start a new case. It's not moot. Well, Your Honor, I feel that the case is not moot because of the new constitutional issues raised by the client, by Utah, in its revised statute, for the other reasons listed in our reply brief. And it's also unconstitutional for the outreach that Utah has made through third parties to try to regulate Rainbow that we allege in our opening brief. This new statute is constitutionally infirm in a myriad of ways. It doesn't define general jurisdiction. It premises the jurisdiction on Rainbow Direct on SWISH's general jurisdiction. And it sets out to have legislative jurisdiction over SWISH but not have the general jurisdiction to enforce it. It essentially claims a nullity. Why would this statute, why would Utah set out to regulate someone when they can't force them to regulate them? Obviously, the general jurisdiction is something they're holding in their back pocket and pulling out later on to enforce a registration requirement. Do you think that Utah has general jurisdiction over SWISH? I do. Have you argued that in your reply brief? I don't recall that. I recall focusing on the fact that the new statute is just as constitutionally infirm as the old statute. It focuses on Utah, on SWISH but not... You keep saying that. I'm sorry to your argumenter, but it sounds like to me, when I hear that, I think, okay, well, that's a merits argument. He's arguing that the new statute is constitutionally infirm. I totally understand that. But the question is, if we credit everything in the complaint, are you entitled to relief? And there's not one word in the 30-minute complaint, as you're interchanged with, as your bill acknowledges, about the new statute. And so that's generally how I think about mootness. Well, if we accept all of your allegations, would that have any relevance to your entitlement to relief? And you keep saying, well, it wouldn't except the new statute is constitutionally infirm. But I don't understand how we can avoid mootness if everything in the 30-minute complaint is essentially superseded, is no longer pertinent because of the adoption of a new statute that is triggered by general jurisdiction over SWISH, when the Attorney General for Utah has said there's not. You say now, well, I forget what you said, there may be or yes, but nobody's ever argued why there's never been an argument until just a moment ago that SWISH isn't. Well, the record shows that SWISH was registered in Utah. They did file a registration application. They did pay their fee. They did subject themselves to Utah's regulatory authority because it was their intent to solicit nationwide. And they presumed that some letters would appear in Utah. So for that reason alone, and because they are forever on the cusp of beginning this solicitation campaign, if we can ever resolve this 10-year lawsuit, they have that same situation perpetuating today. Thank you. Mr. Purser, we'll give you an extra, I think, a minute and 20. Hopefully, I can give it back. May it please the Court, Stanford Purser, on behalf of Daniel O'Banion in his official capacity as the Director of the Division of Consumer Protection. This case is a textbook example of mootness for the reasons the Court has already identified. The only claim on appeal right now, the only issue is a pre-enforcement as applied argument that the prior statute required Rainbow Direct to register. Under the new statute, the statute doesn't apply to Rainbow Direct's attempt to provide consulting services to SWISH. So the statute does not apply to Rainbow Direct. Rainbow Direct does not have to register or file an application under the current statute. There is no question the only as applied issue on appeal is now moot. Actually, we don't know whether Rainbow Direct has to license or not under the new statute because we just have no knowledge at all about whether SWISH is trying to market, whether in Utah, whether it has an employee in Utah, whether Rainbow Direct has an employee in Utah, whether either one of them are so active in Utah that they have general jurisdiction. We have no facts of any of that stuff because it's not part of the complaint. Well, we do know from what Rainbow Direct has alleged, they're claiming that they have no, that Utah has no general or specific jurisdiction over them. They don't have an office in Utah. They don't have an employee in Utah. That's their argument. So as a matter of what they're saying, there is no general jurisdiction over Rainbow Direct. We do know from the record, as the court identified- Well, we don't allow parties to dispose of whether there's jurisdiction over them by their allegations that there's no jurisdiction over them. Well, there's no record of evidence suggesting- Exactly, because it's not an issue. That issue hasn't been presented. But I think that just feeds into our argument. This case is moot because there's nothing in the record suggesting there's a live controversy. If Rainbow Direct were to call the division tomorrow or this afternoon and say, do we need to register to provide services to SWISH? The answer would be an unequivocal no. There has to be a case for controversy. There is none here under this statute. Rainbow Direct is free to go forward with whatever contract they may have, as the court said. Their contract expired in 2010. But they can go forward to the extent they have a new contract providing services to SWISH. But where in the record does it establish their contract has expired in 2010? Is that part of an affidavit or part of a pleading, or where does that come in? I think on appendix, on their appendix, page 59, or maybe page 60, it's a copy of their contract. And as I recall, it said the contract was a two-year term from 2008 to 2010. They've argued in their brief that there may still be some live damages as a matter of law. In fact, under this court's Brown v. Buhman opinion, there is no claim for damages in their complaint. In fact, they expressly told the district court below in document number 76 that they were disclaiming any claim for damages. The court in document 83 relied on that and confirmed there is no claim for damages in this case. It's somewhat surprising that they're alleging in their reply brief that there's damages at issue here. Also, it's black-letter law that you cannot sue someone in their official capacity under 1983 and seek damages. They've sued the director here under 1983. They cannot claim any damages. They also claim in their reply brief that there may be an issue of attorney's fees. But as a matter of law, again, they are not a prevailing party under section 1988. They have no enforceable judgment. They have no consent decree. The district court ruled against them. There was no award of attorney's fees. So therefore, there is no issue of attorney's fees on appeal. And neither of the two mootness exceptions apply here for the reasons that we've articulated in our brief. Again, this case is moot. Because it's moot, I won't belabor the merits unless the court has questions it wants to ask on that score. Thank you very much. This matter is submitted. Thank you both, counsel, for your fine advocacy. Does the appellant have any more time? He does not, Your Honor. Okay. I'm sorry? May I offer one aspect of the third amended complaint? Sure. I would just like to point out that the third amended complaint does say that neither SWISH nor Rainbow Direct has any officers or employees in the state of Utah. Thank you very much. Thank you. This matter is submitted. Again, thank you both, counsel, for your fine advocacy.